FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 19 2021

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
~~HELENA~~ Delta DIVISION

LEE EDWARD BROWN                                                           PLAINTIFF

VS.                    CASE NO. 2:21-cv-110-BSM

CITY OF DERMOTT, COBY HEARD, INDIVIDUALLY,
AND ERIC EVANS, IN HIS INDIVIDUALLY AND
OFFICIAL CAPACITY AS CHIEF OF POLICE
FOR THE CITY OF DERMOTT                                                  DEFENDANTS

## COMPLAINT

Comes the Plaintiff, **LEE EDWARD BROWN**, by and through counsel, **SUTTER & GILLHAM, P.L.L.C.**; and, for his Complaint, he states:

This case assigned to District Judge Miller
and to Magistrate Judge Harris

### PARTIES & JURISDICTION

1. Plaintiff is a former police officer who worked for the City of Dermott, a public entity, organized and existing under the laws of the State of Arkansas. Eric Evans is being sued in his individual and Official Capacity as the Chief of Police for the City of Dermott, for violation of Plaintiff's state and federal constitutional rights. Coby Heard is being sued in his individual capacity. This is an action to redress deprivation of Plaintiff's First Amendment rights guaranteed him under the First Amendment to the United States Constitution and the right to remonstrate under Article II, Section 22, of the Arkansas Constitution, as permitted by 42 USC 1983 and the Arkansas Civil Rights Act of 1993. Plaintiff also brings a cause of action for violation of the Arkansas Whistleblower Protection Act.

2. Since the acts giving rise to this action arose in this Court's district, venue is proper under 28 USC 1391. This Court has personal and subject matter jurisdiction over the parties under 28 USC 1331, as well as supplemental jurisdiction under 28 USC 1367. All actions have been taken under the color of state law.

### GENERAL ALLEGATIONS OF FACTS.

3. In 2017, Plaintiff and his brother each were employed as a police officer for the City of Dermott.

4. At all times relevant, Plaintiff performed his job satisfactorily.

5. While employed by the City of Dermott, Plaintiff, and his brother, witnessed multiple incidents of excessive force.

6. In November of 2019, Plaintiff and his brother saw fellow officer Coby Heard using excessive force and complained to the Mayor and the Chief.

7. Defendant Heard then made the hostile work environment by fabricating evidence to support a criminal action against the Plaintiff and his brother to discredit their truthful allegations against him.

8. When Plaintiff was placed on administrative leave after the baseless criminal charges were filed, Chief Evans fired the Plaintiff, in April of 2021, without appropriate pre-termination or post-termination notice, all in violation of Plaintiff's Garrity, Due Process, and First Amendment rights.

9. The termination was in retaliation for Plaintiff's reports of excessive force. Defendant had treated other officers better, including Officer Coby Heard. In fact, Defendants allowed Officer Heard to sexually harass other employees and threaten the Plaintiff.

10. Heard continued to threaten the Plaintiff or his brother after Plaintiff's brother was terminated in order to smear the Plaintiff in the community.

## COUNT I

11. Plaintiff realleges the foregoing against all Defendants as if fully set out herein.

12. By virtue of the facts alleged herein, Plaintiff had a clearly established right to express his opposition to violation of a citizen's constitutional rights as a citizen and to testify in Court as a citizen. Thus, Plaintiff's speech protesting the use of excessive force to the Chief, were protected under the First Amendment of the United States Constitution, as well as Article II, Section 22, of the Arkansas Constitution.

13. Defendants fired Plaintiff for opposing excessive force. Evans was a policymaker, and the Mayor approved the decision to fire the Plaintiff and his brother. Thus, the decision to fire the Plaintiff constitutes a policy and custom of firing employees who exercise their 1st Amendment Rights.

14. As a direct and proximate cause of Defendants' acts and omissions alleged herein, Plaintiff has suffered severe mental and emotional distress, lost wages, lost earnings, lost reputation, and incurred other damages in an amount to be proven at trial.

15. Defendants' actions have been so egregious so as to warrant the imposition of punitive damages against the Defendants in their individual capacity.

## COUNT II

16. Plaintiff realleges the foregoing against the City as if fully set out herein.

17. By virtue of the facts alleged herein, Plaintiff was terminated in violation of the Arkansas Whistleblower Protection Act and the ACRA by opposing sexual harassment and participating in a sexual harassment investigation against Heard.

18. Plaintiff's protests were protected under the Arkansas Whistleblower Protection Act, as well as his participation in the investigation to determine whether or not a violation of the law prohibiting excessive force or sexual harassment existed.

19. Plaintiff had a good faith belief that Heard had violated the law by using excessive force and committing a felony.

20. Accordingly, Defendants' actions in terminating Plaintiff were in violation of the Arkansas Whistleblower Protection Act because he reported his concerns to an appropriate authority and participated in a sexual harassment investigation.

21. As a direct and proximate cause of Defendants' acts and omissions alleged herein, Plaintiff has suffered severe mental and emotional distress, lost wages, lost earning capacity, and incurred other damages in an amount to be proven at trial.

## COUNT III

22. Plaintiff realleges the foregoing against Defendant Heard as if fully set out herein.

23. Heard has defamed the Plaintiff by accusing him of a crime to the community and his employers including the City, causing him to lose wages and reputation,

24. Defendant's claimed Plaintiff stole money or other property, but he did not.

25. Defendant's actions deserve punitive damages.

## JURY DEMAND

26. Plaintiff requests a trial by jury.

**WHEREFORE**, Plaintiff prays for appropriate compensatory and punitive damages, for front pay or, reinstatement, for reasonable attorneys' fees, for cost, for a trial by jury and for all other proper relief.

Respectfully submitted,

Luther Oneal Sutter, Esq., ARBN 95031
Lucien R. Gillham, Esq., ARBN 99199
Attorneys for Plaintiff
**SUTTER & GILLHAM, PLLC**
310 W. Conway Street
Benton, AR 72015
501/315-1910 – Office
501/315-1916 - Facsimile
Luther.sutterlaw@gmail.com
Lucien.gillham@gmail.com